IN THE UNITED STATES DISTRICT COURT
STATE OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PERCY BEAN SPECIAL REPRESENATIVE ) <br> OF THE ESTATE OF JESSIE BEAN, ) <br>   ) <br>   Plaintiff, ) <br>   ) <br> vs. ) <br>   ) <br> SSSM HEALTH DBA ST. MARY'S HOSPITAL, ) <br>   ) <br>  DOEs 1-10, inclusive. ) <br>   Defendants. ) <br>   ) | Case No.: <br> Division No.: <br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

COMES NOW, Plaintiffs , Percy Bean, Individually and as the Special Representative to The Estate of JESSIE BEAN, for causes of action against Defendants St. Mary's Hospital and DOES 1-10 inclusive, who complain and allege as follows:

GENERAL ALLEGATIONS

1. On January 29, 2020, 89-year-old Jessie Bean("Decedent") was admitted into St. Mary's Hospital with a urinary tract infection causing encephalopathy.

2. Plaintiffs are informed and believe, and thereon allege, that at all times herein relevant, St. Mary's Hospital and Does 1-10, inclusive, treated the decedent negligently thereby causing the death of Decedent as a direct and proximate result of the negligent medical care.

3. Plaintiffs are informed and believe, and thereon allege, that at all times herein relevant, St. Mary's Hospital treaters and the Doe treatment staff under St. Mary's Contract were tasked with the medical care and treatment of the decedent, that caused the injury that lead to her death,  April 25, 2020.

4. Plaintiffs are informed and believe, and thereon allege, that at all times herein relevant, St. Mary's Hospital is located in St. Louis County, Missouri at 6420 Clayton Rd, Richmond Hts., MO.

5.  Plaintiff,  Percy Bean, at all times herein relevant is a resident of Madison County, IL and is the Special Representative of the Estate of Jessie Bean pursuant to 735 ILCS 5/13-209 (b)(2).

6.  Defendant SSSM HEALTH  at all times herein relevant, is authorized to do business in Missouri  as St. Mary's Hospital.

7.  The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1-10, inclusive are unknown to Plaintiffs who therefore sue said defendants by such fictitious names.   The full extent of the facts linking such fictitiously sued defendants is unknown to Plaintiffs.  Plaintiffs are informed and believe, and thereupon allege, that each of the defendants designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, an thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiff.   Plaintiffs will hereafter seek leave of the Court to amend this Complaint to show the defendants' true names and capacities after the same have been ascertained.

8.  Plaintiff is informed and believes, thereon alleges, that at all times mentioned herein, St. Mary's and Does 1-10, inclusive and were agents, servants, employees, successors in interest, partners, and/or joint venturers of their co-defendants and were, as such acting within the course, scope, and authority of said agency, employment, and/or venture and

that each and every defendant, as aforesaid, when acting as principal, was negligent in their actions giving rise to this litigation.

## CAUSE OF ACTION

## COUNT ONE

(Wrongful Death and Survival Action Sounding in Negligence and Medical Malpractice Against St. Mary's Hospital /Respondent Superior/Agency)

9.  Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

10.  Plaintiffs are informed and believe, and thereon allege, that at all times mention herein, St. Mary's Hospital and Does 1-10, inclusive, owed a duty of care to Jessie Bean.

11.  After Decedent's admission to St. Mary's, her right leg was broken by Doe 1 (a nurse),  while replacing the Foley catheter on February 2, 2020.

12.  This incident, resulted in severe pain to the  Decedent, who eventually required surgery to repair the break.

13.  On  February 5, 2020, the decedent was taken to surgery repair her femur.  Upon information and belief the procedure was without incident.

14.  On February 6, 2020 the Decedent suffered seizures, yet the DOE nurses (staff names yet to be determined)  assigned to the decedent that day failed to properly assess her and failed to administer the Decedent's seizure medicine.  She proceeded to have repeated seizures for more than twenty-four hours as a result of the medical staff's failure to administer the seizure medication.

15.  Against the family's wishes, the hospital placed the decedent in hospice care and removed her from the "full code" directive the family had agreed to on February 27, 2023, by orders of DOE 2.

16.  Against the family's wishes the Decedent had been taken off of her seizure medication, and was not receiving food for at least five days.

17. That during all of the times alleged herein that the Decedent was receiving medical care and treatment from Defendants DOE 1-10 and, these defendants were employed by or contracted with St. Mary's Hospital. and they were acting within the scope of that employment.

18. That Defendants St. Mary's Hospital and St. Mary's Hospital physicians (Drs. Doe) are responsible for the breach of applicable medical care occasioned by their employees, the defendants herein, which resulted in a physical injury to the Plaintiff.

of Jessie Bean the resulting physical decline and ultimate death.

   WHEREFORE, the Plaintiff claims monetary damages against Defendant St. Mary's and St. Mary's Community Physicians. Inc. in an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court deems necessary and appropriate.

### COUNT II: Negligence – Medical Malpractice
### (As to Defendants DOES 1-10)

**19.** The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1-18 above.

20. That Defendants "Drs. Doe" and "Doe Nurses", deviated from the acceptable standard of medical care during the care and treatment of the Decedent in several different respects during her stay in their care from February 2, 2020 to February 27, 2020 by failing to properly supervise the medical care and treatment that was being provided by Nurse "DOEs" to the Decedent and that this deviation was the direct and proximate cause of a physical injury to the Plaintiff and the direct and proximate cause of all of the Plaintiff's injuries, pain and suffering and ultimate demise.

21. And further, the "Doe Nurses" deviated from the acceptable standard of care by failing to properly assess the Decedent and administer medical aid accordingly, which resulted in One of the Doe Nurses breaking the Decedent's femur and subsequently failing to administer appropriate medication, ultimately resulting in severe injury to the decedent and ultimately, her untimely death.

WHEREFORE: The Plaintiff claims monetary damages against these Defendants in an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court deems necessary and appropriate.

Respectfully submitted,

By: _____/s/ Celestine dotson_____
Celestine Dotson, 50633
Attorney for Plaintiff
300 N. Tucker
Suite 300
St. Louis, MO 63101
(314) 454-6543
(314) 241-4943 Facsimile

Case: 4:23-cv-00530   Doc. #:  1   Filed: 04/24/23   Page: 6 of 6 PageID #: 6