UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PERCY BEAN, Special Representative of the Estate of Jessie Bean, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:23-cv-00530-JAR ) |
| SSM HEALTH d/b/a ST. MARY'S HOSPITAL, and DOES 1–10, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on two motions: (1) Defendant SSM Health d/b/a St. Mary's Hospital's[1] ("SSM") motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) [ECF No. 8], and (2) Plaintiff's motion for extension of time to file medical affidavits in support of her medical malpractice claims as required by Mo. Rev. Stat. 538.225 [ECF No. 21]. For the reasons stated below, Defendant's motion to dismiss will be granted in part and denied in part, and Plaintiff's motion for extension of time to file medical affidavits will be granted.

**Background**

On March 24, 2023, Plaintiff filed this action alleging claims for wrongful death of Decedent, Jessie Bean, and medical malpractice against SSM and ten as yet unidentified Doe defendants for failing to provide Decedent with adequate medical care. ECF No. 1. On June 23, 2023, SSM filed its motion to dismiss arguing that Plaintiff has failed to state a claim upon which relief can be granted. ECF Nos. 8 and 9. Specifically, SSM argues that Plaintiff fails to

---

[1] Defendant notes that SSM was incorrectly named in the Complaint and that the proper defendant is SSM Health Care St. Louis d/b/a SSM Health St. Mary's Hospital – St. Louis.

state a claim for medical malpractice as he fails to identify "the particular type of care at issue or who was specifically involved in the care at issue." ECF No. 9 at 3. SSM also notes that, if Plaintiff is raising a claim for loss chance of survival, such a claim is barred by Missouri's two-year statute of limitations under Mo. Rev. Stat. § 516.105. ECF No. 9 at 4–5.

Plaintiff filed a response in opposition, arguing that the reason the Complaint lacks specificity is because "[P]laintiff has been unable to fully ascertain the specific names of the individuals whose actions have caused the death of decedent." ECF No. 17. Plaintiff also argues that he has sufficiently stated a claim for medical malpractice by pointing to three specific failures of SSM and the Doe Defendants to provide Decedent with adequate medical care. *Id.* Plaintiff asserts that he "will be able to specifically identify which treater participated in which incident after initial disclosures." *Id.* at 2.

SSM filed a reply reasserting its arguments and noting that Plaintiff failed to address the statute of limitations issues raised in SSM's motion. ECF No. 22.

Plaintiff has also filed a motion for extension of time to file medical affidavits to support his claims of medical malpractice against all Defendants as required by Mo. Rev. Stat. 538.255. ECF No. 21.

## Discussion

### A. Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint must be dismissed for failure to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pleadings must include sufficient factual information to provide notice and the grounds on which the claim rests and "to raise a right to relief above a speculative

2

level." *Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (citation omitted). On a motion to dismiss, the Court accepts as true all factual allegations contained in the complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2).

Here, Plaintiff's Complaint lacks the specificity required to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Plaintiff notes several allegations related to specific dates in his Complaint that he argues sufficiently plead his claims. But his allegations lack sufficient detail to determine exactly what claims Plaintiff is raising and what specific acts Defendants are to have taken that would make them liable for negligence, wrongful death, or medical malpractice. Plaintiff is required to plead additional factual information so that Defendants are provided sufficient notice on which his claims rest, and Plaintiff has failed to plead enough information to do so. *See Twombly*, 550 U.S. at 555. Instead of dismissing Plaintiff's Complaint, the Court will permit Plaintiff to file an amended complaint that pleads his claims with more particularity. Any issues related to statutes of limitations related to Plaintiff's claims need not be addressed until Plaintiff has clarified the basis for his claims in an amended complaint.

**B.**     **Plaintiff's Motion for Extension of Time to File Medical Affidavits**

Section 538.225 of the Missouri Revised Statues requires a plaintiff to file an affidavit attesting to the merits of any action against a health care provider. *Devitre v. Orthopedic Ctr. of*

3

*St. Louis, LLC*, 349 S.W.3d 327, 331 (Mo. 2011) (en banc).  Section 538.225 provides, in relevant part:

> 1.   In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
>
> . . .
>
> 4.   A separate affidavit shall be filed for each defendant named in the petition.
>
> 5.   Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.
>
> 6.   If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

Mo. Rev. Stat. § 538.225.

"The language of section 538.225 unambiguously requires: (1) plaintiffs to file an affidavit in medical negligence cases; and (2) trial courts to dismiss without prejudice any such action if the affidavit is not filed." *Drummer v. Corizon, LLC*, No. 4:16-CV-1170-AGF, 2018 WL 3475475, at *2 (E.D. Mo. July 19, 2018) (citing *Tracy v. SSM Cardinal Glennon Children's Hosp.*, No. 4:15-CV-1513-CAS, 2016 WL 3683000, at *2 (E.D. Mo. July 12, 2016).  The statute applies to Missouri state law claims involving personal injury related to the rendering of, or failure to render, healthcare services brought in federal court.  *See Moore. v. Ernest-Jackson*, 16 F. App'x 517, 518 (8th Cir. 2011).

Plaintiff has failed to file these affidavits to maintain his claims against Defendant, and his time to do so has passed.  Plaintiff has requested an additional ninety (90) days to file the

4

appropriate medical affidavits related to Defendants' allegedly inadequate medical care. Plaintiff claims that "[t]here is need to further develop the case in order to have the specific information to support [t]he allegations in the [C]omplaint, . . . ." ECF No. 21. Recognizing Plaintiff need to obtain affidavits against all Defendants to maintain this action, the Court will grant Plaintiff's motion for an extension of time to file these affidavits.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED in part** and **DENIED in part**. ECF No. 8. In lieu of dismissal, Plaintiff is ordered to submit, **within twenty-one (21) days** of the date of this Order, an amended complaint that pleads his claims with greater particularity. Failure to comply with this order risks dismissal of this action.

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time to file medical provider affidavits is **GRANTED**. ECF No. 21. Plaintiff is instructed to file all medical affidavits supporting any claims for medical malpractice no later than **October 20, 2023**.

Dated this 31st day of July, 2023.

*[signature]*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

5