UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PERCY BEAN, Special Representative of the Estate of Jessie Bean, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:23-cv-00530-JAR ) |
| SSM HEALTH d/b/a ST. MARY'S HOSPITAL, and DOES 1–10, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant SSM Health d/b/a St. Mary's Hospital's[1] ("SSM") motion to dismiss Plaintiff's First Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). ECF No. 25. For the reasons stated below, Defendant's motion to dismiss will be granted in part and denied in part.

**Background**

On March 24, 2023, Plaintiff filed this action alleging claims for wrongful death of Decedent, Jessie Bean, and medical malpractice against SSM and ten unidentified Doe defendants for failing to provide Decedent with adequate medical care. ECF No. 1. On July 31, 2023, the Court partially granted Defendant's motion to dismiss finding that Plaintiff's Complaint failed to plead his claims with sufficient particularity. ECF No. 23. In lieu of dismissal, the Court ordered Plaintiff to submit an amended complaint pleading his claims with greater particularity.

---

[1] Defendant notes that SSM is incorrectly named and that the proper defendant is SSM Health Care St. Louis d/b/a SSM Health St. Mary's Hospital – St. Louis.

On August 21, 2023, Plaintiff filed its First Amended Complaint raising the same causes of action as the original Complaint. SSM filed a motion to dismiss arguing that Plaintiff's First Amended Complaint again fails to state a claim for medical malpractice or loss chance of survival. ECF No. 25. Specifically, SSM argues that the First Amended Complaint fails to allege how SSM or the Doe Defendants deviated from the applicable standard of care. *Id.* at ¶ 13. SSM also argues that Plaintiff's First Amended Complaint lacks allegations of a causal connection between "what particular actions or omissions caused damages recoverable under a survival or wrongful death claim." *Id.* at ¶ 14. SSM also argues that, if Plaintiff is attempting to raise a loss chance of survival action, such an action is time barred. *Id.* at ¶ 17.

In response, Plaintiff argues that he has pleaded his claims with sufficient particularity because he has sufficiently alleged that Decedent's leg was broken while in Defendants' care. ECF No. 29 at 1. Plaintiff then states that Decedent "was allowed to fall out of the bed and break her leg," which Plaintiff now claims "precipitated the death of [Decedent] and forms the basis of Plaintiff's claims." *Id.* On this basis, Plaintiff claims that Federal Rule of Civil Procedure 8 "is satisfied by [P]aintiff's amended complaint as it offers sufficient facts to put the [D]efendant on notice of what the cause of action [P]laintiff is alleging." *Id.* at 2. Plaintiff's response does not address any of his other allegations, nor does it address SSM's argument regarding the statute of limitations issue with a claim of loss chance of survival.

SSM filed a reply reasserting its arguments and noting that Plaintiff's response fails to address any other allegations besides those related to Decedent's broken leg and also fails to address SSM's arguments regarding the statute of limitations for a loss chance of survival action. ECF No. 30.

Plaintiff subsequently filed an affidavit by a medical professional in support of his claims

as required by Mo. Rev. Stat. § 538.255 to maintain an action in medical malpractice. ECF No. 31. The affidavit only addresses the allegations related to Decedent's broken femur. According to the affidavit and the First Amended Complaint, Decedent's broken leg occurred during a Foley catheter change on February 2, 2020, not because Decedent fell out of bed as alleged in Plaintiff's Response.

## Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint must be dismissed for failure to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pleadings must include sufficient factual information to provide notice and the grounds on which the claim rests and "to raise a right to relief above a speculative level." *Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (citation omitted). When considering a motion to dismiss, the Court accepts as true all factual allegations contained in the complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2).

## Discussion

Here, Plaintiff's First Amended Complaint lacks the specificity required to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The Court notes that Plaintiff's First Amended Complaint contains the same allegations—reproduced word-for-word—that this Court

3

previously dismissed for failure to raise a claim.  Plaintiff's unchanged allegations still lack sufficient detail to determine exactly what claims Plaintiff is raising and what specific acts Defendants are to have taken that would make them liable for negligence, wrongful death, or medical malpractice.  Notably, Plaintiff's recently submitted affidavit supports only one allegation contained within Plaintiff's First Amended Complaint—related to Decedent's broken femur, and the Court notes that Plaintiff's time to submit additional affidavits to support any of his other allegations has passed.

Plaintiff has failed to plead enough information to provide Defendants with notice of the specific claims being raised against them relating to Decedent's broken leg.  In particular, Plaintiff has failed to allege a causal connection between the Decedent's broken leg and her death sufficient to support a wrongful death action.  Additionally, the Court cannot square the inconsistencies between the allegations in the First Amended Complaint and the factual information relating to Decedent's broken leg provided in Plaintiff's response.  According to the First Amended Complaint and Plaintiff's submitted affidavit, Decedent's leg was broken during a Foley catheter replacement.  ECF No. 24 at ¶ 11; ECF No. 31.  But Plaintiff argues in its response that Decedent's leg was broken after she fell out of bed.  ECF No. 29.  This inconsistency muddles the already scant allegations related to Plaintiff's claims.

Instead of dismissing Plaintiff's Complaint, the Court will afford Plaintiff the opportunity to file an amended complaint that pleads his claims with greater particularity.  In the amended complaint, Plaintiff must clarify the factual bases for his claims related to Decedent's broken leg and must include sufficient allegations of causation.

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss the First Amended Complaint is **GRANTED in part** and **DENIED in part**.  ECF No. 25.  In lieu of dismissal, Plaintiff is ordered to submit, **within fourteen (14) days** of the date of this Order, an amended complaint that pleads his claims with greater particularity.  Failure to comply with this order risks dismissal of this action.

Dated this 23rd day of October, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE