UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PERCY BEAN, Special Representative of the Estate of Jessie Bean, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:23-cv-00530-JAR ) |
| SSM HEALTH d/b/a ST. MARY'S HOSPITAL, and DOES 1-10, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant SSM Health d/b/a St. Mary's Hospital's ("SSM" or "Defendant") Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") for failure to state a claim under Fed. R. Civ. P. 12(b)(6). ECF No. 38. Defendant has separately moved to dismiss Plaintiff's SAC for failure to adequately comply with Missouri's requirement to submit an affidavit from a health care provider certifying the merits of the case per Mo. Rev. Stat. § 538.225. ECF No. 34. For the reasons explained below, the Court finds that the SAC should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). As such, the Court need not address the arguments raised in Defendant's separate Motion to Dismiss for failure to comply with Mo. Rev. Stat. § 538.225, and the Court will deny that Motion as moot.

**Background**

On March 24, 2023, Plaintiff filed this action alleging claims for wrongful death of Decedent, Jessie Bean, and medical malpractice against SSM and ten unidentified Doe defendants for failing to provide Decedent with adequate medical care. ECF No. 1. On July 31, 2023, the Court partially granted Defendant's first Motion to Dismiss finding that Plaintiff's Complaint failed to plead his claims with sufficient particularity. ECF No. 23. In lieu of

1

dismissal, the Court ordered Plaintiff to submit an amended complaint pleading his claims with greater particularity.

On October 23, 2023, the Court again partially granted Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for failing to plead his claims with sufficient particularity. ECF No. 32.  And again, in lieu of dismissal, the Court ordered Plaintiff to submit an amended complaint pleading his claims with greater particularity.

On November 6, 2023, Plaintiff filed his SAC, which raises the same causes of action as the original Complaint.  Defendant filed the instant Motion arguing that the SAC fails to state a claim for a wrongful death or loss chance of survival and erroneously combines the two actions. Specifically, SSM again argues that the SAC improperly combines a wrongful death claim and a survival action within the same count.  Regardless, SSM further contends that Plaintiff has failed to allege causation—a necessary element of a wrongful death claim—and failed to properly allege the necessary elements of a loss chance of survival action.  SSM also argues that if Plaintiff is attempting to raise a survival action under a theory of medical malpractice, such an action is time barred by Missouri's two-year statute of limitation set forth in Mo. Rev. Stat. § 516.105.  ECF No. 39.

In response, Plaintiff argues that he has properly pleaded the elements of a wrongful death claim.  Plaintiff also apparently concedes the argument as it related to the loss chance of survival action, stating that this Court has already dismissed that claim.  ECF No. 43.  Plaintiff further offers to remove the use of the term "survival" in Count One if this Court deems it necessary to clarify the Complaint and has even submitted a proposed amended complaint removing the use of the word "survival," but preserving a second count under a theory of medical malpractice.  ECF No. 44.  Plaintiff makes no other arguments in support and cites no

case law supporting his sole argument that he has properly pleaded the elements of a wrongful death action.  Plaintiff also provides no counterargument regarding SSM's assertion that Plaintiff's claim based on medical malpractice is time-barred under Missouri law.

## Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  A complaint must be dismissed for failure to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Pleadings must include sufficient factual information to provide notice of the grounds on which the claim rests and must "raise a right to relief above a speculative level." *Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (citation omitted).  When considering a motion to dismiss, the Court accepts as true all factual allegations contained in the complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2).

## Discussion

Although Count One in the SAC appears to combine a wrongful death action and a survival action, Plaintiff has clarified in his Response that he is only pursuing a wrongful death action.  ECF No. 43.

To successfully plead a wrongful death action on a theory of negligence, Plaintiff must establish that "(1) the [Defendant] owed [Decedent] a duty of care; (2) [Defendant] breached that

3

duty; and (3) the breach was the cause in fact and the proximate cause of [Decedent's] death." *Granger v. Rent-A-Center, Inc.*, 503 S.W.3d 295, 298 n.5 (Mo. Ct. App. 2016) (citing *Robinson v. Mo. State Highway & Transp. Comm'n*, 24 S.W.3d 67, 74 (Mo. Ct. App. 2000)).

Here, Plaintiff's Second Amended Complaint lacks the specificity required to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) because it fails to adequately allege causation. Although in their capacity as medical professionals, the "Does" arguably owed Decedent a duty of care, Plaintiff has failed to allege sufficient facts establishing that Defendants' alleged breach of care was the cause of Decedent's death. Specifically, the SAC fails to allege any facts establishing a causal connection between Decedent's death and the allegedly negligent actions of SSM or the Doe defendants. Instead, Plaintiff offers mere conclusory allegations that Defendants injured Decedent via allegedly negligent care. *See* ECF No. 35 at ¶ 23 ("[SSM is] responsible for the breach of applicable medical care occasioned by their employees, the defendants herein, which resulted in a physical injury to the Plaintiff. [sic] of Jessie Bean the resulting physical decline and ultimate death.") Plaintiff's conclusory allegations regarding causation are insufficient to survive a motion to dismiss under 12(b)(6) and insufficient to raise the right to relief above a speculative level. *Twombly*, 550 U.S. at 555. Additionally, failure to adequately plead the necessary elements of a claim provides grounds for dismissal. *See id.* at 562. As such, the Court will grant SSM's Motion to Dismiss Count One of the SAC for failure to state a claim under a theory of wrongful death.

Plaintiff's additional claim under a theory of medical malpractice is time-barred. While Plaintiff, as the Special Representative of Decedent's estate, may maintain a cause of action for personal injuries despite Decedent's death, Mo. Rev. Stat. § 537.020, such actions under a theory

4

of medical malpractice remain subject to Missouri's statute of limitations for such claims. Under Mo. Rev. Stat. § 516.105:

> [a]ll actions against physicians, hospitals . . . , registered or licensed practical nurses . . . , and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of . . . .

The SAC alleges that the Defendant health care providers last provided care to Decedent on February 27, 2020. ECF No. 35 at ¶ 20. Plaintiff filed his original Complaint more than three years later, on April 24, 2023. ECF No. 1. Plaintiff provides no explanation for this delay. Because this action raising a claim of medical malpractice against the Defendants was filed outside of a statute of limitations period, the Court will dismiss Plaintiff's Count Two as time-barred.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that SSM's Motion to Dismiss Plaintiff's Second Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is **GRANTED**. ECF No. 38.

**IT IS FURTHER ORDERED** that SSM's Motion to Dismiss for Plaintiff's failure to comply with Mo. Rev. Stat. § 538.225 is **DENIED as moot**. ECF No. 34.

A separate Order of Dismissal will accompany this Order.

Dated this 22nd day of April, 2024.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**